59 So.2d 912

**INGALLS v. BIRMINGHAM TRUST NAT. BANK et al.**

**6 Div. 346.**

Supreme Court of Alabama.

June 26, 1952.

Lange, Simpson, Robinson & Somerville and Jas. A. Simpson, Birmingham, for appellant.

White, Bradley, Arant & All, Francis H. Hare, Chas. W. Greer and Earl Mc-Bee, all of Birmingham, for appellees.

STAKELY, Justice.

In a suit in the Circuit Court of Jefferson County, in Equity, No. 78,710, Robert I. Ingalls, Jr., sought to remove all trustees of certain Ingalls Living Trusts except himself and the Birmingham Trust National Bank, his appointee, under a power contained in the trust instrument creating Trust B. As the basis for removal Robert I. Ingalls, Jr., charged hostility toward himself and failure to support his children, the beneficiaries of the trust. The trust estates in question are described as Ingalls Trusts B, C, D, E, F, and G. Robert I. Ingalls, Jr., was a cotrustee of Trusts B, C, E, F, and G. Mrs. Ellen Gregg Ingalls was a cotrustee of Trusts E, F and G. M. F. Pixton was a cotrustee of Trusts F and G. The First National Bank of Birmingham was a cotrustee of Trusts D and E. No charges were preferred against Robert I. Ingalls, Jr., nor was there filed any responsive pleading asking for his removal. Robert I. Ingalls, Jr., has not appealed from the decree removing him nor did he cross-appeal upon submission of the case in this court.

The court after hearing the testimony on November 13, 1950, entered a decree of removal containing the following language:

"The Trustees (including the complainant, but excluding the Birmingham Trust National Bank, not here involved) of the several Trusts here involved from 'B' to 'G', both inclusive, be and they are hereby separately and severally removed effective thirty (30) days from the date hereof or as soon thereafter as their successors are appointed by the Court and qualify."

On July 19, 1951, Mrs. Ellen Gregg Ingalls wrote to the Birmingham Trust National Bank advising that, "due to the status which now prevails, she was a cotrustee with the Birmingham Trust National Bank." In her letter she offered to discharge her duties as cotrustee and called upon the Birmingham Trust National Bank to recognize her as such. She stated in effect that the facts which gave rise to her becoming a cotrustee were the decree of the court removing Robert I. Ingalls, Jr., as trustee and his later declarations with reference to that fact filed in the Supreme Court.

Trust B contains the following provision:

"In the event that all of said individual Trustees originally named hereunder shall die, resign or otherwise refuse or fail to act as Trustees, prior to the termination of the trust, Ellen Gregg Ingalls, wife of said Robert I. Ingalls and The First National Bank of Birmingham [for whom Ingalls, Jr., later substituted Birmingham Trust National Bank under a power given him in the trust instrument], shall thereafter act as Trustees hereunder, with all of the title, rights, powers, duties and discretion herein vested in the original Trustees." (Interpolation in brackets ours.)

The individual trustees originally named in Trust B were (1) Robert I. Ingalls, (2) C. W. Zander and (3) Robert I. Ingalls, Jr. Robert I. Ingalls later resigned. C. W. Zander died and it is claimed that Robert I. Ingalls, Jr., was removed by the aforesaid decree of November 13, 1950, which provided for the removal of all of the trustees of the trusts as aforesaid, excluding the Birmingham Trust National Bank.

In response to the aforesaid letter of Mrs. Ellen Gregg Ingalls to the Birmingham Trust National Bank, Robert I. Ingalls, Jr., notified the bank that under the decree of the court he was still a cotrustee of Trust B since no successor of Trust

B had been appointed to succeed him by the court.

The Birmingham Trust National Bank filed a petition in suit No. 80,667 (a suit filed by the Trustees of the Ingalls Trusts for a construction of the trust instruments creating those trusts), alleging the contention of Mrs. Ellen Gregg Ingalls and the position taken by Robert I. Ingalls, Jr., with reference to the personnel of the cotrustees under Trust B and prayed that the court instruct petitioner as to who was the proper person to act with it as cotrustee of Trust B. The petition of the bank alleged in part as follows:

"By decree dated the 31st day of March, 1950 this court confirmed the appointment of petitioner as a corporate trustee of said trust estate and subsequent to its appointment petitioner has been acting as such cotrustee with Robert I. Ingalls, Jr., the individual trustee of Trust B."

On August 17, 1951 the court entered a decree stating in effect that the decree of November 13, 1950, removing the trustees, meant what it recited, namely, that Robert I. Ingalls, Jr., was still a cotrustee of Trust B and would remain such trustee until his successor was appointed by the court or until his status had otherwise been determined on the appeal then pending in the Supreme Court of Alabama. From that decree Mrs. Ellen Gregg Ingalls has prosecuted this appeal and asked for the alternative writ of mandamus.

While there is a motion to dismiss the appeal, no brief in support of the motion is filed, and since the parties appear to consider that the question for decision is properly before the court, we shall proceed to make our decision without further reference to the procedure by which the question is presented here.

The decree of November 13, 1950 removed Robert I. Ingalls, Jr., as Trustee of Trust B effective thirty days from that date or as soon thereafter as "his successor is appointed by the court and qualifies."

It is the contention of Mrs. Ellen Gregg Ingalls that under the provisions of Trust B which provide for a successor Trustee, that she is now the cotrustee, since by reason of the removal of Robert I. Ingalls, Jr., as Trustee, he has failed to act as trustee and that this is sufficient to establish her as cotrustee, even though there is no specific provision providing for a successor trustee in the event of removal.

In view of the fact, however, that Robert I. Ingalls, Jr., has been reinstated as a Trustee under Trust B under the decision of this court in the case of Ingalls v. Ingalls, Ala.Sup., 59 So.2d 898,[1] and therefore in effect has not been removed as Trustee, there is no reason for the application or consideration of the provisions as to a successor trustee in Trust B. The effect of the foregoing decision in Ala.Sup., 59 So.2d 898, is that Robert I. Ingalls, Jr., is and always has been a Trustee of Trust B. It results therefore that the decree of the lower court is affirmed in holding that Robert I. Ingalls, Jr., is a cotrustee of Trust B.

Corrected and affirmed.

All the Justices concur except FOSTER, J., not sitting.